IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEE FRANK SAVAGE, #65368                                    PETITIONER

VS.                                     CIVIL ACTION NO.  5:04cv285-DCB-JCS

WARDEN GREER, ET AL.                                     RESPONDENTS

<u>REPORT AND RECOMMENDATION</u>

      This matter is before the Court on the Respondents' Motion to Dismiss filed pursuant to 28 U.S.C. § 2244(d).  The Petitioner has responded with a "Traverse and Reply to Respondents['] Allegation."   For the reasons explained below, the undersigned recommends that the Motion to Dismiss be **granted**.

<u>FACTS AND PROCEDURAL HISTORY</u>

      On September 8, 1997, Savage was convicted of attempted burglary in the Circuit Court of Claiborne County, Mississippi.  He was subsequently sentenced to a term of eighteen (18) years in the custody of the Mississippi Department of Corrections.  On February 15, 2000, the Mississippi Court of Appeals affirmed Savage's judgment of conviction in a published opinion.  <u>See</u> <u>Savage v. State</u>, 764 So.2d 445 (Miss. Ct. App. 2000)(Cause No. 1999-KA-00157-COA), <u>reh'g denied</u>, <u>id.</u> (May 2, 2000), <u>cert. denied</u>, <u>id.</u> (Aug. 17, 2000).  Savage did not petition the United States Supreme Court for writ of certiorari, so his judgment became final ninety (90) days later on November 15, 2000.  <u>See</u> <u>Flowers v. Hanks</u>, 941 F. Supp. 765, 770 (N.D. Ind. 1996)(citing <u>Bell v. Maryland</u>, 378 U.S. 226, 232 (1964))(time period in which petitioner could file a petition for writ of certiorari must be considered in calculating date on which judgment becomes final); <u>see</u> <u>also</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003) (concluding, *inter alia*, that conviction becomes final on direct review upon expiration of the ninety-days allowed for petition to the Supreme Court from entry of judgment by state court of last resort).  The records of the Mississippi Supreme Court Clerk's Office, according to the State, indicate that no post-conviction motions were filed by Savage on or before November 15, 2001, one year from the date his conviction

became final.

## DISCUSSION

In his petition, Savage sets forth four grounds for relief. The State answered Savage's petition with a Motion to Dismiss, arguing that his petition was untimely. Because the Court agrees with the State's argument and finds that Savage's petition was untimely filed, it will not address the merits of his petition.

Turning to the State's Motion to Dismiss, the State points to the revised 28 U.S.C. § 2244(d) as the source of its position. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Savage filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Savage's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), the State argues that this petition is untimely. According to the State, Savage had until November 15, 2001, to file his petition, and, instead,

he filed it in the District Court on October 29, 2004, and he signed it on October 26, 2004.[1]  A review of the relevant dates shows that the petition is untimely.

Savage's judgment of conviction became final on November 15, 2000, when he declined to petition the United States Supreme Court for a writ of certiorari. Without the benefit of tolling pursuant to § 2244(d)(2), Savage's application for a writ of habeas corpus was due in this Court by November 15, 2001.  The petitioner signed his petition on October 26, 2004, and his petition for writ of habeas corpus was filed in this Court on October 29, 2004. Thus, Savage's petition was at least 1,076 days late. Because Savage's petition was not signed and placed into the prison system mail by November 15, 2001, his petition is untimely under 28 U.S.C. § 2244, and, therefore, must be dismissed.

## CONCLUSION

Accordingly, for the reasons stated above, the Respondents' Motion to Dismiss should be **granted**, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the    12    day of   October   , 2005.

                                                    S/ James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.  See United States v. O'Kaine, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).